# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:13CV189-RJC-DSC

| | |
|---|---|
| MONTEZ A. DAVIS,<br>       Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>       Defendant. | )<br>)<br>)<br>)  **MEMORANDUM AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and "Memorandum in Support ..." (document #13), both filed August 5, 2013; and Defendant's "Motion for Summary Judgment" (document #16) and "Memorandum in Support ..." (document #17), both filed November 7, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Social Security Scheduling Order entered on June 4, 2013, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #11. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

# I. PROCEDURAL HISTORY

On April 19, 2010, Plaintiff filed an application for a period of disability and Supplemental Security Income ("SSI"), alleging he was unable to work after October 1, 2008. (Tr. 160-66).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 64-84). Plaintiff subsequently requested a hearing which was held on November 29, 2011. (Tr. 29-59).

On December 16, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 11-26).

Specifically, the Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 16). The ALJ also found that Plaintiff suffered from "schizoaffective disorder (versus bipolar disorder) and polysubstance abuse in partial remission," which were severe impairments within the meaning of the regulations, id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 17-18). The ALJ found that Plaintiff had mild restrictions in activities of daily living and moderate difficulties in maintaining social functioning, concentration, persistence and pace. The ALJ found that Plaintiff had not experienced any extended episodes of decompensation. Id.

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC"):[2]

> to perform a full range of work at all exertional levels … limited to simple, routine, repetitive task instructions, in a low production setting…. [Plaintiff] would have difficulty working directly with others… could not work as part of a

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

team, but he could occasionally interact with his supervisor, coworkers and the public. He can work for periods of up to two hours, followed by a 10-15 minute break or lunch period…. [He] can make simple work-related decisions and adjust to a normal work schedule…. [He] can also drive.

(Tr. 18). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged. The ALJ further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms was not entirely credible, and that those symptoms would not preclude work as described in the assessed RFC. (Tr. 18-21). The ALJ found that Plaintiff had no past relevant work. (Tr. 21).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified jobs (auto detailer, industrial cleaner, small parts assembler) that Plaintiff could perform. The V.E. also testified that there were 11,341 of these jobs in North Carolina. (Tr. 22). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (22-23).

Plaintiff filed a timely Request for Review by the Appeals Council.

By notice dated January 25, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-6).

Plaintiff filed the present action on March 22, 2013. He assigns error to the ALJ's failure to consider the fact that he was awarded Medicaid benefits. See Plaintiff's "Brief in Support ..." at 1-2, 10-13 (document #13). Plaintiff also contends that the ALJ erred by failing to give controlling weight to the opinion of his treating psychiatrist Dr. Ethan Musgrave. Id. at

2, 13-22. The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

4

Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff argues that the ALJ disregarded 20 C.F.R. § 416.912(b)(5) and Social Security Ruling ('SSR') 06-03p, available at 2006 WL 2329939, by failing to refer to his Medicaid benefits. Document No. 13 at 10-13. SSR 06-03p provides that adjudicators "are required to consider decisions by other governmental agencies about whether an individual is disabled." SSR 06-03p. This consideration is limited to "all the available evidence in the individual's case record." Id. (emphasis added).

> 20 C.F.R. § 404.1512 states:
> 
> [The claimant] must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) . . . Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim. This includes, but is not limited to . . . Decisions by any governmental or nongovernmental agency about whether you are disabled or blind.

20 C.F.R. § 404.1512. See also McDowell v. Astrue, No. 3:11-cv-652-RJC-DSC, 2012 WL 4499336, at * (W.D.N.C. Aug. 2, 2012) (Memorandum and Recommendation) (where "record did not include a copy of any agency finding or decision, the record did not contain evidence of another agency decision"), adopted, 2012 WL 4499283, at *4 (W.D.N.C. Sept. 28, 2012).

Plaintiff cites two pages of his own hearing testimony in support of this contention. Document No. 13 at 10, citing Tr. 35-36. This is far less evidence than the Court confronted in McDowell. Id. (medical record contained two references to Plaintiff receiving Medicaid benefits, as well as an "Independent Assessment for Personal Care Services" form provided by the North Carolina Division of Medical Assistance ("DMA"), which "apparently related to home services received by Plaintiff from a caregiver.") See also Carr v. Astrue, No. 8:10-cv-02119, 2012 WL 871179, at *12-13 (D.S.C. Feb. 23, 2012) (the record did not contain evidence of

6

another agency decision as contemplated by 20 C.F.R. § 404.1512(b)(5) where there were only references to a claim and settlement with an agency in treatment notes, but no copy of any agency finding or decision.).

The record in this case does not include evidence of a determination made by DMA, Medicaid or any other agency that Plaintiff was disabled as contemplated by 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5) or SSR 06-03p. For this reason, and the other reasons stated in Defendant's brief, this assignment of error should be overruled.

Plaintiff argues that the ALJ failed to properly consider a letter from Dr. Musgrave opining that Plaintiff should receive SSI. Document #13 at 13-22, referring to Tr. 291. The Fourth Circuit has held that a treating physician's opinion need not be accorded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

"Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner . . . Because they are administrative findings, 'treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special

7

significance.'" Pascoe v. Astrue, No. 1:11-cv-226-MR-DLH, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012) (rec. dec. aff'd Aug. 14, 2012) (quoting SSR 96-5p, 1996 WL 374183).

The ALJ's determination that Dr. Musgrave's opinion was entitled to "little weight" is supported by substantial evidence. (Tr. 21). Such a determination "will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular [treating] opinion." McDowell, 2012 WL 4499336, at *3. The ALJ properly found that Dr. Musgrave's opinion that Plaintiff suffers from a "disabling" psychiatric condition concerns an issue that is "reserved to the Commissioner" (Tr. 21, citing SSR 96-5p, available at 1996 WL 374183, at *3).

The ALJ found that Dr. Musgrave's opinion was "inconsistent with his own treatment records." (Tr. 21). See Davidson v. Astrue, 578 F.3d 838, 843 (8th Cir. 2009) (ALJ entitled to discount opinion of treating physician on ground that it is inconsistent with physician's own treatment notes); Schmidt v. Astrue, 496 F.3d 833, 842 (7th Cir. 2007) (ALJ properly refused to credit assessment by treating physician because it was inconsistent with his own treatment notes); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ALJ properly discredited opinions of two treating physicians because they were inconsistent with physicians' own treatment notes). Dr. Musgrave's treatment records reflect that he repeatedly rated Plaintiff's Global Assessment of Functioning ("GAF") in the range of 60-65. (Tr. 21). Of the twenty-eight GAF ratings noted by Dr. Musgrave, all but three are in the range of 60-65. See Tr. 240, 241, 243, 244, 245, 246, 247, 248, 249, 250, 252, 253, 254, 255, 256, 267, 268, 269, 270, 285, 286, 287, 288, 289, 290. But see Tr. 251 (GAF rating of 55-60); Tr. 257 (GAF rating of

55); Tr. 284 (same). A GAF rating in the range of 60-65 indicates that the patient is "generally functioning pretty well," notwithstanding "some mild symptoms" and/or "some difficulty in social, occupational, or school functioning" (Tr. 20, citing Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. text revision 2000)). See, e.g., Zokaitis v. Soc. Sec. Admin., No. 11-563- cv, 465 F. App'x 17 (2d Cir. Feb. 16, 2012) (GAF rating of 55 indicates only moderate difficulties in social functioning, concentration, persistence, and pace); Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010) (GAF rating of 58 "was inconsistent with the physician's opinion that the claimant suffered from extreme limitations"). The ALJ properly considered Dr. Musgrave's GAF ratings in the context of the evidence as a whole. See, e.g., Love v. Astrue, 3:11-cv-00014–FDW–DSC, 2011 WL 4899989, at *5 (W.D.N.C. Sept. 6, 2011) (Memorandum & Recommendation), adopted, 2011 WL 4899984 (W.D.N.C. Oct 14, 2011).

The ALJ further found that Dr. Musgrave's opinion was inconsistent with his notations in treatment records where he consistently reported that Plaintiff's mental status – including his thought processes, concentration, and memory – was within normal limits. (Tr. 21). The record contains twenty-nine treatment notes where Dr. Musgrave reported his findings about Plaintiff's mental status. These findings assessed Plaintiff's mood, affect, thought process, and judgment. In nearly all of those treatment notes, Dr. Musgrave reported that Plaintiff's mental status was within normal limits. (Tr. 240, 241, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 267, 268, 269, 270, 285, 286, 287, 288, 289, 290). The remaining treatment notes establish that Plaintiff's mental status temporarily deviated from normal limits. See Tr. 284 (temporary deviation in 2 areas); Tr. 256 (temporary deviation in 4 areas); Tr. 257 (same); Tr. 260 (temporary deviation in 6 areas).

9

The ALJ also found that Dr. Musgrave's opinion was inconsistent with his treatment records where he repeatedly noted that Plaintiff was "stable" and "doing well" (Tr. 21, referring to Tr. 267, 268, 269, 270, 285, 288, 289, 290). See, e.g., Figueroa v. Astrue, No. 11–cv–100–PB, 2012 WL 2090517, at *5-6 (D.N.H. June 7, 2012) (ALJ properly found that doctor's report that claimant was "doing well … provide[d] support for the ALJ's position that [said] doctor's opinion was undermined by his own clinical notes"); Bradley v. Astrue, No. 11–cv–0003, 2012 WL 4361410, at *11 (N.D. Ill. Sept. 21, 2012) (ALJ properly considered report that claimant was "stable"); Morin v. Astrue, No. 10-cv-159-JL, 2011 WL 2200758, at *8 (D.N.H. June 6, 2011) (same); Dannels v. Astrue, No. 07–4122–JAR, 2008 WL 4191530, at *16 (D. Kan. Sept. 11, 2008) (ALJ properly considered report that claimant was "doing well").

Although the ALJ was "not required to explicitly discuss each factor [set forth in 20 C.F.R. § 416.927(c)] in his decision," McDowell, 2012 WL 4499283, at *3, his analysis did take those factors into account. With respect to an "[e]xamining relationship" and a "[t]reatment relationship" (20 C.F.R. §§ 416.927(c)(1)-(2)), the ALJ found that Dr. Musgrave was a "treating source" who "followed [Plaintiff] throughout the period under consideration." (Tr. 20-21). With respect to "[s]upportability" and "[c]onsistency" (20 C.F.R. §§ 416.927(c)(3)-(4)), the ALJ found that Dr. Musgrave's opinion was "inconsistent with his own treatment records." (Tr. 21). With respect to "[s]pecialization" (20 C.F.R. § 416.927(c)(5)), the ALJ acknowledged that Dr. Musgrave was a psychiatrist. (Tr. 20-21).

Although the medical records establish that the Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #16) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells,

109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 14, 2013

David S. Cayer
United States Magistrate Judge