UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-189-RJC-DSC

| MONTEZ A. DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and supporting Memorandum (Docs. 12, 13), Defendant's Motion for Summary Judgment and supporting Memorandum (Docs. 16, 17), and the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc. 18), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion. Plaintiff filed an objection to the M&R on November 26, 2013 (Doc. 19). This case is now ripe for review.

## I. BACKGROUND

### A. Procedural Background

The Plaintiff filed the present action on March 22, 2013 to appeal the Commissioner's denial of his Supplemental Security Income (SSI) claim. (Doc. 1). Plaintiff filed a Motion for Summary Judgment on August 5, 2013. (Doc. 12). Defendant filed a Motion for Summary Judgment on November 7, 2013. (Doc. 16). The Magistrate Judge recommended granting the Defendant's Motion for Summary Judgment on November 14, 2013. (Doc. 18). Plaintiff objected to the Magistrate Judge's recommendation on November 16, 2013. (Doc. 19).

B.  Factual Background

Neither party has objected to the Magistrate Judge's statement of the factual background of this case.  The Court thus adopts the facts as set forth in the M&R.  (Doc. 18).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. § 636(b)(1)(B).  The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  Id.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made.  FED. R. CIV. 72(b).  The Social Security Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 450(g). Judicial review of the Commissioner's final decision regarding disability benefits is limited to determining "whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [the Court's] judgment for that of the Secretary." Maestro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).

Plaintiff objects to the Magistrate Judge's recommendation on the following grounds: (1) the M&R improperly justifies the ALJ's failure to consider that Plaintiff had been found disabled by Medicaid in violation of 20 CFR § 416.912(b)(5) and SSR 06-03p; and, (2) the M&R incorrectly upholds the ALJ's improper rejection of Dr. Musgrave's opinions.

A. Medicaid Evidence

Plaintiff contends that the ALJ disregarded 20 CFR § 416.92(b)(5) and Social Security Ruling (SSR) 06-03p by failing to refer to his Medicaid benefits. (Doc. 13). As Plaintiff points out, ALJs are required to consider decisions by other governmental agencies about whether an individual is disabled. SSR 06-03p; 20 C.F.R. § 404.1512(b)(5). The ALJ is to consider "all the available evidence in the individual's case record . . . [including] . . . decisions by other governmental agencies." SSR 06-03p. 20 C.F.R. § 404.1512 states: [The claimant] must bring to our attention everything that shows you are blind or disabled . . . [t]his includes, but is not limited to . . . decisions by any governmental or nongovernmental agency . . . ."

Courts have held that evidence that someone receives Medicaid benefits is not evidence of a disability determination. McDowell v. Astrue, No. 3:11-cv-652-RJC-DSC, 2012 WL 4499336 (W.D.N.C. Aug. 2, 2012), citing Buckner v. Astrue, 646 F.3d 549, 559 n. 8 (8th Cir.

2011) (The ALJ also did not err by failing to address the fact that [the plaintiff] may have received Medicaid benefits at one time because this evidence, standing alone, does not indicate whether another agency found [the plaintiff] disabled"); see also Lafferty v. Astrue, 559 F. Supp.2d 993, 1010 (W.D.Mo.2008) (evidence of Medicaid card insufficient). This Court previously held that "[b]ecause there is no evidence of a decision by other governmental agencies about whether Plaintiff is disabled, the ALJ did not err in failing to discuss one." McDowell, 2012 WL 4499283, at *3. Here, Plaintiff contends he met his obligation and provided evidence via answering the ALJ's questions in his hearing testimony (Doc. 10: Tr. 35-36). Plaintiff argues that because he provided evidence, the ALJ improperly failed to consider the evidence in making their disability determination. (Doc. 19). The record before the ALJ did not include evidence of a determination made by DMA, Medicaid or any other agency that Plaintiff was disabled as contemplated by 20 C.F.R.§§ 404.1512(b)(5), 416.912(b)(5) or SSR 06-03p. Additionally, the Commissioner "considered opinion evidence in accordance with the requirements of . . . [SSR] 06-3p." (Doc. 10: Tr. 20). For these reasons, this Court adopts the recommendation of the Magistrate Judge.

    B.    Psychiatric Examinations

Plaintiff also argues the M&R incorrectly upholds the ALJ's improper rejection of the opinions of Plaintiff's treating psychiatrist, Dr. Musgrave (Doc. 19). Plaintiff specifically notes the ALJ improperly disregarded the regulations recognition in 20 C.F.R § 404.1527(c)(2) that "[g]enerally, we give more weight to opinion from your treating sources . . . ." However, the C.F.R. goes on to say: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

your case record, we will give it controlling weight." 20 C.F.R § 404.1527(c)(2). "Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner . . . [and] are never entitled to controlling weight or special significance." Pascoe v. Astrue, No. 1:11-cv-226-MR-DLH, 2012 WL 358054, at *3 (W.D.N.C. July 23, 2012) (rec. dec. aff'd Aug. 14, 2012) (quoting SSR 96-5p, 1996 WL 374183).

A letter from Dr. Musgrave stated that Plaintiff should receive SSI. (Doc. 10: Tr. 291). The ALJ explained that Dr. Musgrave's opinion was entitled to "little weight," because "Dr. Musgrave's opinion [was] unsupported by other substantial evidence of record and [was] inconsistent with his own treatment records and course of conservative medication management." (Doc. 10: Tr. 21). The ALJ was not required to give controlling or great weight to Dr. Musgrave's opinion where it was inconsistent with other substantial evidence. 20 C.F.R. § 416.927(d)(2).

Plaintiff further argues the ALJ improperly relied on the treatment records to establish that Dr. Musgrave was inconsistent. (Doc. 19). Plaintiff contends Global Assessment of Functioning (GAF) scores do not reflect functioning over time and therefore the M&R erred in finding these scores to be substantial evidence. (Id.). Additionally, Plaintiff argues "isolated references" to "feeling well" and "normal activity" are not a substantial basis for rejecting a claimant's allegations. (Id.) (citing Kellough v. Heckler, 785 F.2d 1147, 1153 (4th Cir. 1986). The ALJ considered Plaintiff's treatment notes, including GAF scores in determining Dr. Musgrave's opinion was inconsistent with his reports. (Doc. 18). In most of the treatment notes, Dr. Musgrave found Plaintiff's mental status was within normal limits. (Doc 10: Tr. 240, 241, 243-255, 267-270, 285-290). Only some treatment notes establish that Plaintiff's mental status

temporarily deviated from normal limits. (Id.: Tr. 284, 256, 257, 260). The ALJ also found Dr. Musgrave's opinion was inconsistent with treatment records where he repeatedly noted Plaintiff was stable and doing well. (Id.: Tr. 21). See Figueroa v. Astrue, No. 11-cv-100-PB, 2012 WL 2090517, at *5-6 (D.N.H. June 7, 2012) (ALJ properly found that doctor's report that claimant was "doing well . . . prove[d] support for the ALJ's position that [said] doctor's opinion was undermined by his own clinical notes."). Dr. Musgrave's comments regarding GAF scores, normal mental status, and stability were not isolated, but rather frequent and consistent. There is substantial evidence for the ALJ to conclude that Dr. Musgrave's opinion, that Plaintiff suffered from a "disabling" psychiatric condition, is inconsistent with Plaintiff's treatment records. (Doc. 10: Tr. 21).

Although the ALJ was "not required to explicitly discuss each factor [set forth in 20 C.F.R. § 416.927(c)] in his decision," McDowell, 2012 WL 4499283, at *3, the ALJ did take those factors into account. (Doc. 18). With respect to an "[e]xamining relationship" and a "[t]reatment relationship" (20 C.F.R. §§ 416.927(c)(1)-(2)), the ALJ found that Dr. Musgrave was a "treating source" who "followed [Plaintiff] throughout the period under consideration." (Doc. 10: Tr. 21). With respect to "[s]upportability" and "[c]onsistency" (20 C.F.R. §§ 416.927(c)(3)-(4)), the ALJ found Dr. Musgrave's opinion was "inconsistent with his own treatment records." (Doc. 10: Tr. 21). With respect to "[s]pecialization" (20 C.F.R. §§ 416.927(c)(5)), the ALJ acknowledged that Dr. Musgrave was a psychiatrist. (Doc. 10: Tr. 20-21).

Although the medical records establish that the Plaintiff experienced symptoms to some extent, the Fourth Circuit has noted that it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054,

1056-57 (4th Cir. 1976). There is substantial evidence to support the ALJ's treatment of the record, hearing testimony, and his decision that Plaintiff was not disabled.

This Court has conducted a full and careful review of the M&R and other documents of record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. 18), is **ADOPTED,** Plaintiff's Motion for Summary Judgment (Doc. 12) is **DENIED**, and Defendants' Motion for Summary Judgment, (Doc. 16), is **GRANTED.** The Clerk of Court is directed to close this case.

_____
Robert J. Conrad, Jr.
United States District Judge